## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PONTIAKI SPECIAL MARITIME ENTERPRISE, | |
| Plaintiff, | Civil Action No. |
| v. | **IN ADMIRALTY** |
| TADEMA SHIPPING AND LOGISTIC INC. (a/k/a TADEMA SHIPPING & LOGISTIC INC, a/k/a TADEMA SHIPPING & LOGISTICS INC), | |
| TALEVERAS PETROLEUM TRADING B.V. (a/k/a TALAVERAS PETROLEUM TRADING, a/k/a TALEVERAS PETROLEUM TRADING, a/k/a TALEVERAS PETROLEUM TRADING LTD), | |
| and | |
| TALEVERAS PETROLEUM TRADING DMCC, | |
| Defendants, | |
| and | |
| ATLANTIC TRADING & MARKETING, INC., | |
| BP PRODUCTS NORTH AMERICA INC., | |
| CHEVRON U.S.A. HOLDINGS INC., | |
| CHEVRON U.S.A. INC., | |
| GEORGE E. WARREN CORPORATION, | |
| J.P. MORGAN & CO., INC., | |
| PBF ENERGY COMPANY LLC, | |

01:18551601.1

PBF ENERGY INC.,

PBF ENERGY PARTNERS LP,

PBF HOLDING COMPANY LLC,

RIL USA INC.,

SHELL TRADING (US) COMPANY,

and

VITOL INC.,

      Garnishees.

## VERIFIED COMPLAINT AND REQUEST FOR ISSUANCE OF
## WRITS OF MARITIME ATTACHMENT AND GARNISHMENT

Plaintiff Pontiaki Special Maritime Enterprise ("Pontiaki") brings this action against

Defendants Tadema Shipping and Logistic Inc. (a/k/a Tadema Shipping & Logistic Inc, a/k/a

Tadema Shipping & Logistics Inc) ("Tadema"); Taleveras Petroleum Trading B.V. (a/k/a

Talaveras Petroleum Trading, a/k/a Taleveras Petroleum Trading, a/k/a Televeras Petroleum

Trading Ltd) ("Taleveras BV"); and Taleveras Petroleum Trading DMCC ("Taleveras DMCC"),

*quasi in rem*, pursuant to Supplemental Admiralty and Maritime Rule B for issue of writs of

maritime attachment and garnishment, and state as follows:

### Jurisdiction and Venue

1.      This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333

and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of

Civil Procedure.

2.      Venue is proper in this District because the Garnishees are located and can be found in this District.  Defendant cannot be found in this District within the meaning of Supplemental Rule B.

### The Parties

3.      Pontiaki is a Liberian corporation and has its principal place of business at 58B Zefyrou Street, Palaio Faliro 17564, Athens, Greece.  At all times relevant to this action, Pontiaki was the owner of the M/T NAUTILUS (the "Vessel").

4.      Tadema is a British West Indies corporation and has its principal place of business at 212 Long Path Road, Suite 29, Anguilla, B.W.I.  At all times relevant to this action, Tadema was the time charterer of the Vessel.

5.      Taleveras BV is British West Indies corporation and has its principal place of business at 212 Long Path Road, Suite 2A, Anguilla, B.W.I.  At all times relevant to this action, Taleveras BV was the guarantor of Tadema's obligations as time charterer of the Vessel.

6.      Taleveras DMCC is an Emirati corporation and has its principal place of business at Almas Tower, Jumeirah Lakes Towers Plot No Jlt Ph1 Ao, Dubai, United Arab Emirates.

7.      The Garnishees named herein are entities registered to do business, and with offices located, in this District.  On information and belief, each of the Garnishees holds accounts and/or property in which Stena Waco has an interest.

### Facts

8.      Pontiaki, Tadema, and Taleveras BV are parties to a voyage charter party agreement (the "Voyage Charter") entered into on February 19, 2014.

9.      Pursuant to the Voyage Charter, Pontiaki agreed to charter the Vessel to Tadema and Taleveras agreed to guarantee Tadema's obligations under the Voyage Charter.

10.     On February 28, 2014, while the Vessel was en route to Curacao at Tadeam's request but before Tadema took delivery, Tadema purported to cancel the Voyage Charter.

11.     On February 24, 2015, Pontiaki commenced proceedings against Tadema and Taleveras BV in the High Court of Justice, Queen's Bench Division, Commercial Court, Royal Courts of Justice (the "High Court Proceedings"), seeking judgment and damages as a result of Tadema's breach of the Voyage Charter.

12.     Following service of the High Court Proceedings on Tadema and Taleveras BV on July 30, 2015, Tadema and Taleveras BV terminated their corporate registration in Anguilla.

13.     On March 21, 2016, judgment was entered against Tadema and Taleveras BV, and in favor of Pontiaki, for USD 1,248,363.00; plus interest through March 7, 2016 of USD 75,881.62; plus interest thereafter of USD 102.68 per day up to and including the date of payment; plus costs of USD 77,800.00.[1]

14.     Despite demand, Tadema and Taleveras BV have refused to pay Pontiaki the amounts due and owing.

15.     On information and belief, Tadema, Taleveras BV, and Taleveras DMCC are interrelated subsidiary companies owned and/or operated by the same parent company (Taleveras Group) and share common ownership, directors, and/or management.

16.     On information and belief, Taleveras DMCC is the alter ego of Tadema and Taleveras BV and has continued the operations of Tadema and Taleveras BV following the termination of their corporation registration in Anguilla.

## Count I – Breach of Maritime Contract

17.     Pontiaki incorporates the above paragraphs as if fully set forth herein.

---

[1] Accumulated interest from March 7, 2016 through April 29, 2016 is USD 5,442.04.

01:18551601.1

18.    Tadema and Taleveras BV have breached their maritime contract with Pontiaki (to wit, the Voyage Charter) as set out more fully above.

19.    Despite demand, Pontiaki remains unpaid for amounts due to it under the Voyage Charter resulting from Tadema's and Taleveras BV's breach of maritime contract.

20.    Pontiaki therefore demands judgment jointly and severally against Tadema, Taleveras BV, and Taleveras DMCC as set forth more fully below.

### Count II – Maritime Attachment and Garnishment (Rule B)

21.    Pontiaki incorporates the above paragraphs as if fully set forth herein.

22.    Pontiaki seeks issue of process of maritime attachment so that it may obtain security for its claims in arbitration, including its contractual attorneys' fees and costs.

23.    No security for Pontiaki's claims has been posted by Tadema, Taleveras BV, Taleveras DMCC or anyone acting on their behalf to date.

24.    Tadema, Taleveras BV, and Taleveras DMCC cannot be found within this district within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of Garnishees in this District.

WHEREFORE, Pontiaki prays:

A.    That process in due form of law issue against Tadema, Taleveras BV, and Taleveras DMCC, citing them to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B.    That since Tadema, Taleveras BV, and Taleveras DMCC cannot be found within this District pursuant to Rule B, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Stena Weco's tangible or intangible property or any other funds held by any garnishee, which are due and owing to Stena Weco, up to the amount of at least **USD 1,407,486.66** to secure Pontiaki's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Rule B, answer the matters alleged in the Verified Complaint;

C.   That since it appears that the U.S. Marshal's Service lacks sufficient staff to effect service of process of Maritime Attachment and Garnishment promptly or economically, and that since appointing a person over 18 years of age and who is not a party to this action will result in substantial economies in time and expense, such a person be appointed pursuant to Fed. R. Civ. P. 4(c) to serve process of Maritime Attachment and Garnishment in this action;

D.   That upon attachment of the amount demanded, that this Court stay this action pending outcome of the parties' arbitration, and this Court retain jurisdiction over this matter through the entry of a judgment or award associated with the pending claims including appeals thereof; and

E.   That Pontiaki may have such other, further and different relief as may be just and proper.

YOUNG CONAWAY STARGATT & TAYLOR LLP

/s/ Jennifer M. Kinkus
Timothy Jay Houseal (Del. Bar ID No. 2880)
Jennifer M. Kinkus (Del. Bar ID No. 4289)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6682
thouseal@ycst.com

Attorneys for Plaintiff Pontiaki Special Maritime Enterprise

OF COUNSEL:
J. Stephen Simms, pro hac vice pending
Marios J. Monopolis, pro hac vice pending
Simms Showers LLP
201 International Circle, Suite 250
Baltimore, Maryland 21030
Tel:    (410) 783-5795
Fax:    (410) 510-1789
jssimms@simmsshowers.com
mjmonopolis@simmsshowers.com

Dated: April 8, 2016.