**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| Pontiaki Special Maritime Enterprise, | |
| Plaintiff, | C.A. No. 1:16-cv-00247 (LPS) |
| v. | |
| Tadema Shipping and Logistic Inc. (a/k/a Tadema Shipping & Logistic Inc., a/k/a Tadema Shipping & Logistics Inc.), | In Admiralty |
| Taleveras Petroleum Trading B.V. (a/k/a Talaveras Petroleum Trading, a/k/a Taleveras Petroleum Trading, a/k/a Taleveras Petroleum Trading Ltd.), | |
| and | |
| Taleveras Petroleum Trading DMCC, | |
| Defendants, | |
| and | |
| Atlantic Trading & Marketing, Inc., | |
| BP Products North America Inc., | |
| Chevron U.S.A. Holdings Inc., | |
| Chevron U.S.A. Inc., | |
| George E. Warren Corporation, | |
| J.P. Morgan & Co., Inc., | |
| PBF Energy Company LLC, | |
| PBF Energy Inc., | |
| PBF Energy Partners LP, | |
| PBF Holding Company LLC, | |
| RIL USA Inc., | |

Shell Trading (US) Company,

and

Vitol Inc.,

   Garnishees.

**DEFENDANT TALEVERAS PETROLEUM TRADING DMCC'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO VACATE ORDER
OF MARITIME ATTACHMENT AND TO DISMISS COMPLAINT**

**THE ROSNER LAW GROUP LLC**

*/s/ Julia Klein*
Frederick B. Rosner (DE 3995)
Julia B. Klein (DE 5189)
824 Market Street, Suite 810
Wilmington, DE 19801
Tel.: (302) 777-1111
rosner@teamrosner.com
klein@teamrosner.com

**CLYDE & CO US LLP**
John R. Keough, III,
*(Pro Hac Vice Application Pending)*
The Chrysler Building
405 Lexington Avenue 16th Floor
New York, New York 10174
(212) 710-3900
John.Keough@clydeco.us

*Attorneys for Defendant
Taleveras Petroleum Trading DMCC*

## TABLE OF CONTENTS

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS .......................1

STATEMENT OF ARGUMENT .........................................................................................2

STATEMENT OF FACTS...................................................................................................3

ARGUMENT ......................................................................................................................5

   I.   PONTIAKI BEARS THE BURDEN TO SHOW WHY
       THE ATTACHMENT ORDER SHOULD NOT BE VACATED ................................5

  II.   PONTIAKI FAILS TO SHOW THAT TALEVERAS DMCC
      HAS ANY ATTACHABLE PROPERTY IN THIS DISTRICT ..................................7

 III.   PONTIAKI FAILS TO STATE A VALID *PRIMA
      FACIE* ADMIRALTY CLAIM FOR ALTER EGO LIABILITY ..............................8

 IV.   PONTIAKI FAILS TO STATE A VALID *PRIMA FACIE* ADMIRALTY
      CLAIM FOR BREACH OF CONTRACT AGAISNT TALEVERAS DMCC..........11

  V.   PONTIAKI HAS FAILED TO SHOW THAT
      IT PERFORMED DUE DILIGENCE IN SEARCHING TO FIND TALEVERAS
      DMCC IN THE DISTRICT ..........................................................................................12

 VI.   PONTIAKI HAS FAILED TO ALLEGE ANY
      VALID BASIS FOR PERSONAL JURISDICTION
      OVER TALEVERAS DMCC OR FOR VENUE IN THIS COURT ..........................13

CONCLUSION ..................................................................................................................13

# TABLE OF CITATIONS

**Page(s)**

**Cases**

*Arctic Ocean Int'l, Ltd. v. High Seas Shipping Ltd.*,
622 F. Supp. 2d 46 (S.D.N.Y. 2009)..............................................................6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..............................................................2, 6, 7

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)..............................................................2, 6, 7

*Blue Whale Corp. v. Grand China Shipping Dev. Corp., Ltd.*,
722 F.3d 488 (2d Cir. 2013)..............................................................6

*Cargo-Levant Schiffahrtsgesellschaft MbH v. PSL Ltd.*,
No. 12-1363, 2014 WL 2452744 (D. Del. May 30, 2014) ............................................5

*Energy Marine Servs., Inc. v. DB Mobility Logistics AG et al.*,
No. 15-24, 2016 WL 284432 (D. Del. Jan. 22, 2016) ..................................8, 9, 10, 11

*P.R. Ports Auth. v. Barge KATY-B*,
427 F.3d 93 (1st Cir. 2005)..............................................................6

*Pearson v. Component Tech. Corp.*,
247 F.3d 471 (3d Cir. 2001)..............................................................8, 10, 11

*Salazar v. ATLANTIC SUN*,
881 F.2d 73 (3d Cir. 1989)..............................................................6

*U.S. v. Real Property Located at 2323 Charms Road, Milford Tp., Oakland County, Mich.*,
946 F.2d 437 (6th Cir. 1991) ..............................................................7

*West of England Ship Owners Mut. Ins. Ass'n (Luxembourg) v. McAllister Bros.*,
829 F. Supp 122 (E.D. Pa. 1993)..............................................................12

*Williamson v. Recovery Ltd. Partnership*,
542 F.3d 43 (2d Cir. 2008)..............................................................9, 10

**Other Authorities**

Fed. R. Civ. P. 12(b)(2)..............................................................1, 13

Fed. R. Civ. P. 12(b)(3)..............................................................1, 13

Fed. R. Civ. P. 12(b)(6)..............................................................1, 2, 9

Fed. R. Civ. P. 8 ...................................................................................................................6

Fed. R. Civ. P. E(2) .........................................................................................................2, 7

Fed. R. Civ. P. E(2)(a) .......................................................................................................7

Fed. R. Civ. P. E(4)(f) ....................................................................................................1, 5

Fed. R. Civ. P. E(8) ...........................................................................................................1

## **STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS**

Defendant, Taleveras Petroleum Trading DMCC ("Taleveras DMCC"), by its undersigned counsel and by restricted appearance pursuant to Rule E(8) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Supplement Rules"), for the restricted purposes of seeking the relief sought in its Motion to Vacate Order of Maritime Attachment and to Dismiss Complaint and, without waiving its affirmative defenses of lack of personal jurisdiction and improper venue, respectfully moves this Honorable Court for an order:

> (1) Pursuant to Rule E(4)(f) of the Supplemental Rules, vacating the Order Granting Plaintiff's Motion for Order Authorizing Issuance of Writ of Maritime Garnishment ("Attachment Order") (D.I. 50) and any and all writs of attachment issued pursuant to that Attachment Order;
>
> (2) Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissing Pontiaki Special Maritime Enterprise's ("Plaintiff" or "Pontiaki") Verified Complaint and Request for Issuance of Writs of Maritime Attachment and Garnishment ("Verified Complaint") (D.I. 1); and
>
> (3) Dismissing the Verified Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure and improper venue pursuant to Rule 12(b)(3).

Taleveras DMCC reserves all other defenses, rights, and claims not specifically raised herein.

Pontiaki cannot sustain its burden to show why this motion to vacate should not be granted since it (1) fails to show that Taleveras DMCC has any attachable property in the United States District for the District of Delaware (the "District"), and thus fails to meet the requirements for attachment of its property pursuant to Supplemental Rule B; (2) fails to state a valid *prima facie* admiralty claim against Taleveras DMCC for alter ego liability; (3) fails to

state a valid *prima facie* admiralty claim against Taleveras DMCC for breach of contract; (4) fails to show with any specificity that it exercised due diligence by making a *bona fide* effort to find Taleveras DMCC in the District; and (5) fails to state both causes of action with the required specificity (a) under the pleading standard set forth in the United States Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and (b) under the heightened pleading standard set forth in Supplemental Rule E(2).   Plaintiff's Verified Complaint likewise fails to allege any valid basis for personal jurisdiction over Taleveras DMCC or for venue in this Court.

On this record, the undisputed facts require vacatur of the Attachment Order and dismissal of the Verified Complaint.   Taleveras DMCC respectfully requests a hearing on its motion.

## SUMMARY OF ARGUMENT

Pontiaki fails to sustain its burden to establish any right to a maritime attachment since its pleadings fail to satisfy the minimal pleading requirements for a maritime attachment under Supplemental Rule B.   The undisputed facts thus require vacatur of the Attachment Order and dismissal of the Verified Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

First, Pontiaki fails to allege with the required specificity that Taleveras DMCC has property within the District.   Based on this failure of the pleading, the Attachment Order must be vacated and the Verified Complaint dismissed for lack of jurisdiction.

Second, Pontiaki fails to state a valid *prima facie* maritime claim for alter ego liability against Taleveras DMCC.   Of the eight factors that the courts of this Circuit consider in assessing alter ego liability, Pontiaki's complaint alleges facts in support of only one of those

factors; and the alleged facts fall well short of showing that Taleveras DMCC did not observe any corporate formalities.  More, Pontiaki fails to plead the required elements of alter ego liability, as a matter of law.

Third, Taleveras DMCC was not a party to the subject Voyage Charter.  Therefore, to establish that Taleveras DMCC is liable for breach of contract as a result of the alleged breach of that Voyage Charter, Taleveras DMCC would need to be found the alter ego of Tadema and/or Taleveras BV, who were allegedly parties to the Voyage Charter.  However, because Pontiaki failed to meet the minimum pleading requirements for alter ego liability, Pontiaki has failed to state a valid breach of contract claim against Taleveras DMCC.

Fourth, Pontiaki fails to establish with any specificity that it exercised due diligence in conducting a *bona fide* search to determine whether Taleveras DMCC can be found within the District.  Pontiaki's verification of efforts undertaken in that search falls short of describing such efforts with the specificity required by Rule B.

In sum, Pontiaki fails to meet its burden to establish a maritime attachment and has failed to plead its claims with the required specificity.  Accordingly, the Attachment Order should be vacated and the Verified Complaint dismissed.

## **STATEMENT OF FACTS**

On April 8, 2016, Pontiaki filed its Verified Complaint in the United States District Court for Delaware, naming Tadema Shipping and Logistic Inc. ("Tadema"), Taleveras Petroleum Trading B.V. ("Taleveras BV"), and Taleveras DMCC (collectively "Defendants") as defendants. The Verified Complaint also names Atlantic Trading & Marketing, Inc., BP Products North America Inc., Chevron U.S.A. Inc., George E. Warren Corporation, J.P. Morgan & Co., Inc., PBF Energy Company LLC, PBF Energy Inc., PBF Energy Partners LP, PBF Holding Company

LLC, RIL USA Inc., Shell Trading (US) Company, and Vitol Inc. as Garnishees.  In the Verified Complaint, Pontiaki alleges that Tadema chartered the M/T Nautilus (the "Vessel") to Tadema pursuant to a voyage charter party agreement ("Voyage Charter"), in which Taleveras BV guaranteed Tadema's obligations under the Voyage Charter.  The Verified Complaint does not allege that Taleveras DMCC is named in the Voyage Charter.  Pontiaki alleges that Tadema cancelled the Voyage Charter while the Vessel was enroute to the location where Tadema was to take delivery, that it commenced proceedings against Tadema and Taleveras BV in England, and on March 21, 2016, the High Court of Justice, Queen's Bench Division, Commercial Court entered a default judgment against Tadema and Taleveras in the amount of USD $1,248,363.00, plus interest and costs ("High Court Proceeding").  Taleveras DMCC was not a party in the High Court Proceeding, and thus no default judgment entered against Taleveras DMCC.

Pontiaki named Taleveras DMCC as a defendant in the instant action on the basis of alleged alter ego liability.  The claim of alter ego liability, however, rests on only two vague and conclusory allegations:

> 15. On information and belief, Tadema, Taleveras BV, and Taleveras DMCC are interrelated subsidiary companies owned and/or operated by the same parent company (Taleveras Group) and share common ownership, directors, and/or management.
>
> 16. On information and belief, Taleveras DMCC is the alter ego of Tadema and Taleveras BV and has continued the operations of Tadema and Taleveras BV following the termination of their corporation registration in Anguilla.

D.I. 1 at ¶ 15-16.  Pontiaki offers no evidence in support.

Pontiaki's pleading offers no detail or evidence to support its allegation that Taleveras DMCC "ha[s], or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of the Garnishees

in this District." D.I. 1 at ¶ 24.   Pontiaki in fact admits that Taleveras DMCC is an Emirati corporation with a principal place of business in Dubai.   D.I. at ¶ 6.   Except for the conclusory allegations in Paragraph 24, the Verified Complaint is devoid of any allegations, conclusory or otherwise, connecting Taleveras DMCC to this District, to any of the named Garnishees, or to any property in this District.

<u>ARGUMENT</u>

**I.**
**<u>PONTIAKI BEARS THE BURDEN TO SHOW WHY THE</u>**
**<u>ATTACHMENT ORDER SHOULD NOT BE VACATED</u>**

The plaintiff bears the burden to establish a right to maritime attachment. *Cargo-Levant Schiffahrtsgesellschaft MbH v. PSL Ltd.*, No. 12-1363, 2014 WL 2452744, *6 (D. Del. May 30, 2014) (citing *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty. Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006), *abrogated on other grounds*, *Shipping Corp. of India Ltd. v. Jahldi Overseas Pte. Ltd.*, 585 F.3d 58 (2d Cir. 2009)).   To meet this burden, in addition to having to meet the filing and service requirements of Rules B and E, the plaintiff must establish:

> 1) it has a valid *prima facie* admiralty claim against the defendant;
> 2) the defendant cannot be found within the district; . . . 3) the
> defendant's property may be found within the district; and 4) there
> is no statutory or maritime law bar to the attachment.

*Id.* (citing *Aqua Stoli*, 460 F.3d at 445).

Pursuant to Supplemental Rule E(4)(f), a defendant whose property has been attached has a right to a prompt hearing during which the plaintiff bears the burden of establishing its right to an attachment.   Supplemental Rule E(4)(f) provides in relevant part:

> Whenever property is arrested or attached, any person claiming an
> interest in it shall be entitled to a prompt hearing ***at which the***
> ***plaintiff shall be required to show why the arrest or attachment***
> ***should not be vacated or other relief granted consistent with***
> ***these rules***.

(emphasis added).

If a plaintiff fails to meet its burden, the attachment must be vacated. *Blue Whale Corp. v. Grand China Shipping Dev. Corp., Ltd.,* 722 F.3d 488, 493 (2d Cir. 2013) (citing *Aqua Stoli*, 460 F.3d at 445); *see Salazar v. ATLANTIC SUN*, 881 F.2d 73, 79-80 (3d Cir. 1989) (holding that the purpose of an E(4)(f) hearing is to "make a preliminary determination whether there were reasonable grounds for issuing an [attachment]").  To defeat the instant motion to vacate, Pontiaki thus must show that (1) the attachment of Taleveras's property was valid, and (2) the attachment order should not be vacated.

Further, under *Iqbal* and *Twombly*, a complaint cannot survive a motion to dismiss if the plaintiff fails to allege a plausible claim.  "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Likewise, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  Thus, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted).

In the context of Rule B attachments, a complaint is required to "state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definitive statement, to commence an investigation of the facts and to frame a responsive pleading." Fed. R. Civ. P. Supp. R. E(2)(a).  This heightened pleading standard is "more demanding than Rule 8's pleading standard and is intended to prevent a plaintiff from hold[ing], for a substantial period of time, property to which, in reality, it has no legitimate claim." *Arctic Ocean Int'l, Ltd. v. High Seas Shipping Ltd.*, 622 F. Supp. 2d 46, 53 (S.D.N.Y. 2009) (quoting *U. S. v. Premises & Real Prop.*, 889 F.2d 1258, 1266 (2d Cir. 1989)

(internal quotation marks omitted); *see e.g.*, *P.R. Ports Auth. v. Barge KATY-B*, 427 F.3d 93, 105 (1st Cir. 2005) ("This heightened pleading standard is not some pettifogging technicality meant to trap the unwary, but, rather, a legal rule designed to counterbalance the unique and drastic remedies that are available in in rem admiralty proceedings."); *U.S. v. Real Property Located at 2323 Charms Road, Milford Tp., Oakland County, Mich.*, 946 F.2d 437, 441 (6th Cir. 1991) ("Supplemental Rule E(2)(a) imposes a more stringent standard than the pleading requirements of the Federal Rules of Civil Procedure. 'The requirement is not merely a procedural technicality, but a way of ensuring that the [plaintiff] does not seize and hold, for a substantial period of time, property to which, in reality, it has no legitimate claim.'") (quoting *U.S. v. Pole No. 3172, Hopkinton*, 852 F.2d 636, 638 (1st Cir. 1988)).

As set forth below, Pontiaki cannot sustain its burden to show that defendant Taleveras DMCC has attachable property in this District.  Likewise, Pontiaki has failed to state valid *prima facie* maritime claims against Taleveras DMCC under (1) the pleading standard set forth in *Iqbal* and *Twombly*, and (2) the heightened pleading standard set forth in Rule E(2) of the Supplemental Rules.

## II.
## PONTIAKI FAILS TO SHOW THAT TALEVERAS DMCC
## HAS ANY ATTACHABLE PROPERTY IN THIS DISTRICT

Pontiaki has failed to plead any facts to support its vague, conclusory statements that Taleveras DMCC has property within the district.  Pontiaki's allegations of property in the district are limited to a single paragraph in the Verified Complaint, in which Pontiaki alleges that "Tadema, Taleveras BV, and Taleveras DMCC cannot be found within this district within the meaning of Rule B, but is [sic] believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in

the hands of Garnishees in this District."  D.I. 1 at ¶ 24.  In the Verified Complaint, Pontiaki names 13 different Garnishees, which it alleges are found within the District.  Pontiaki provides no evidence for its assertion that these Garnishees are in fact found within the District for purpose of a Rule B attachment.  Nor has Pontiaki provided any facts supporting its allegation that these Garnishees are, or will be, in the possession of property belonging to Taleveras DMCC.

Pontiaki fails to provide any evidence to support its allegation that Taleveras DMCC has property within the District.  Accordingly, the Attachment Order must be vacated and the Verified Complaint dismissed for lack of jurisdiction.

### III.
### PONTIAKI FAILS TO STATE A VALID *PRIMA FACIE* ADMIRALTY CLAIM FOR ALTER EGO LIABILITY

Pontiaki's allegation that Taleveras DMCC is the alter ego of Tadema and Taleveras BV amounts to nothing more than "naked assertion[s] devoid of further factual enhancement." *Energy Marine Servs., Inc. v. DB Mobility Logistics AG et al.*, No. 15-24, 2016 WL 284432, *3 (D. Del. Jan. 22, 2016) (quoting *Iqbal*, 556 U.S. at 678).  As such, Pontiaki has failed to meet the minimal pleading requirements for such an allegation. *See e.g., id.; Pearson v. Component Tech. Corp.*, 247 F.3d 471, 484-85 (3d Cir. 2001).

To establish alter ego liability, the plaintiff is required to show "'that in all aspects of the business, the . . . corporations actually functioned as a single entity,'" *Energy Marine Servs., Inc.*, No. 15-24, 2016 WL 284432, at *3 (quoting *Pearson*, 247 F.3d at 484-85), and "that the corporate form was abused, with a showing akin to fraud," *id.* (citing *Trustees of Nat'l Elevtor Indus. Pension, Health Benefit and Educ. Funds v. Lutyk*, 332 F.3d 188, 194 n.7 (3d Cir. 2003)).  Courts in this Circuit specifically weigh the following factors when assessing whether alter ego

liability has been properly pled: (1) gross undercapitalization, (2) failure to observe corporate formalities, (3) nonpayment of dividends, (4) insolvency of debtor corporation, (5) siphoning of funds from the debtor corporation by the dominant stockholder, (6) nonfunctioning of officers and directors, (7) absence of corporate records, and (8) whether the corporation is merely a façade for the operations of the dominant stockholder. *Id.* (quoting *Pearson*, 247 F.3d at 484-85).

In *Energy Marine Servs., Inc. v. DB Mobility Logistics AG, et al.*, this Court dismissed a complaint seeking a Rule B attachment pursuant to Rule 12(b)(6) for failure to state a valid claim for alter ego, *inter alia*.[1] No. 15-24, 2016 WL 284432.  Of the eight factors that courts in the Third Circuit weigh in an alter ego analysis, the plaintiff alleged only two: failure to observe corporate formalities and that the various subsidiaries were mere facades of the ultimate parent. *Id.* at *3.  Of those two alleged factors, this Court found that the alleged facts were "purely conclusory assertions lack[ing] even the barest support," and concluded that the plaintiff had provided no basis for the Court to infer an alter ego relationship.  *Id.*

Courts in other jurisdictions have likewise vacated Rule B attachment orders on similar facts for failure to state a valid *prima facie* admiralty claim for alter ego.  In *Williamson v. Recovery Ltd. Partnership*, 542 F.3d 43 (2d Cir. 2008), for example, the Second Circuit affirmed the district court's vacatur of a Rule B attachment on the ground that the plaintiff failed to establish *prima facie* maritime claims for alter ego and breach of contract.  *Id.* at 52-53.  The Second Circuit, citing the lower court's opinion, reasoned that the plaintiffs' "allegations regarding the liability of the other corporate entities are supported merely by generalized

---

[1] The defendant in *Energy Marine* had filed a motion to dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6), which had not included motion to vacate the attachment order.  The court ultimately determined that a motion to dismiss was the proper vehicle to seek dismissal of the underlying suit while a motion under Supplemental Rule E is the proper vehicle to move the court to vacate a maritime attachment. No. 15-24, 2016 WL 284432, at *1-2.

assertions in the attorney-verified complaint in this action, unsworn court filings in related actions, and documentation showing common business addresses and management." *Id.* at 53 (quoting *Williamson v. Recovery Ltd. Partnership*, No. 06--5724, 2007 WL 102089, at *3 (S.D.N.Y. Jan. 16, 2007)) (internal quotation marks omitted).  The Second Circuit thus found that the lower court did not abuse its discretion in vacating the attachment order because the evidence provided to the lower court was "insufficient at th[at] stage to demonstrate that Plaintiffs have the requisite prima facie admiralty claim . . . ." *Id.* (quoting *Williamson*, No. 06-5724, 2007 WL 102089, at *5) (internal quotation marks omitted).

Here, as the plaintiffs in *Energy Marine* and *Williamson*, Pontiaki has failed to plead adequately that defendant Taleveras DMCC constitutes the alter ego of Tadema and Taleveras BV.  Potiaki's complaint in fact alleges that each defendant is a separate corporation. D.I. 1 at ¶¶ 4-6.  The only "facts" that Pontiaki provides to support its alter ego theory are allegations in the Verified Complaint that, "[o]n information and belief, Tadema, Taleveras BV, and Taleveras DMCC are interrelated subsidiary companies owned and/or operated by the same parent company (Taleveras Group) and share common ownership, directors, and/or management[,]" and that Taleveras DMCC "has continued the operations of Tadema and Taleveras BV following the termination of their corporation registration in Anguilla." D.I. 1 at ¶¶ 15-16.  Pontiaki's vague and conclusory contention, which is denied, nonetheless ignores that mere ownership of a subsidiary does not justify the imposition of liability on a parent company.  *Pearson*, 247 F.3d at 484 (citing *United States v. Bestfoods*, 524 U.S. 51, 69 (1998)).  Nor may a court impose alter ego liability merely because directors of a parent corporation also serve as directors of a subsidiary. *Id.* (citing *Bestfoods*, 524 U.S. at 69).  Instead, veil piercing is appropriate to prevent fraud, illegality, or injustice or when recognition of corporate entity would defeat public policy

or shield someone from liability or when the parent company dominates the subsidiary in such a way that it has no separate existence, *id.*, all of which Pontiaki has failed to allege, even at a conclusory level.

Further, even if these "facts" adequately supported the allegation that the defendants had failed to observe corporate formalities, which they do not, Pontiaki has failed to plead any facts to support the other seven alter ego factors.  As such, Pontiaki has fallen well below the minimum pleading standard required by this Circuit for an alter ego claim.  *See e.g. Energy Marine Servs., Inc.*. No. 15-24, 2016 WL 284432, at *3 (holding that the plaintiff had failed to meet the minimum pleading requirement for an alter ego claim when it failed to provide evidence for six of the eight factors and the evidence provided did not necessarily suggest a failure to observe corporate formalities or that the various subsidiaries were mere facades of the ultimate parent).  In failing to meet the minimum pleading requirements, Pontiaki has failed to state a valid *prima facie* claim for alter ego, as a matter of law, and therefore has failed to satisfy its burden of establishing a right to an attachment.

## IV.
## PONTIAKI FAILS TO STATE A VALID *PRIMA FACIE* ADMIRALTY CLAIM FOR BREACH OF CONTRACT AGAINST TALEVERAS DMCC

Pontiaki alleged that Pontiaki, Tadema and Taleveras BV were parties to the Voyage Charter. D.I. 1 at ¶ 8.  Pontiaki allegedly was the vessel owner, Tadema the voyage charterer, and Taleveras BV the guarantor of Tadema's obligations under the Voyage Charter. D.I. 1 at ¶¶ 3, 9.  As an initial matter, we note that Pontiaki failed to attach the Voyage Charter or any related documentation to its Verified Complaint to support the alleged relationship between these three parties.  Moreover, Pontiaki has not alleged that Taleveras DMCC was a party to the Voyage Charter.  Taleveras DMCC's only connection to the Voyage Charter arises from Pontiaki's

unsupported allegation that Taleveras DMCC is the alter ego of Tadema and Taleveras BV. Pontiaki thus has failed to meet the minimum pleading requirements to establish an alter ego relationship between Taleveras DMCC and Taleveras BV. Therefore, Pontiaki's breach of contract claim against Taleveras DMCC must in turn fail.

**V.**
**PONTIAKI HAS FAILED TO SHOW THAT IT PERFORMED DUE DILIGENCE**
**IN SEARCHING TO FIND TALEVERAS DMCC IN THE DISTRICT**

Pontiaki's Verification that Taleveras cannot be found within the district is equally unsupported. The Verification, in pertinent part, states:

> I further certify that, pursuant to Supplemental Rule B, I caused a search to be made electronic records and Directory Assistance for addresses and telephone numbers in this District of Delaware. There is no record of any general or resident agent authorized to accept service of process for Tadema, Taleveras BV, and/or Taleveras DMCC in this District.

D.I. 1-1.

To meet its burden of showing that the defendant cannot be found within the district, the plaintiff must make a *bona fide* effort to search for the defendant within the district. *West of England Ship Owners Mut. Ins. Ass'n (Luxembourg) v. McAllister Bros.*, 829 F. Supp 122, 124 (E.D. Pa. 1993). The plaintiff is not required to exhaust every source of available information, but must rise well above the level of looking in the phone book to determine whether the company is listed. *Id.* (holding that the plaintiff had made a *bona fide* effort to search for the defendant in the district after consulting the district's phone book, contacting the secretary of state's office, contacting the Philadelphia port directory, determining where the company was registered, and following up on any information found on the company to further determine that it had no ties to the district). Further, the plaintiff must specifically document its efforts in the

affidavit so that it is clear to the court that the plaintiff has performed a diligent and *bona fide* search.  *See id.*

Here, Pontiaki's generalized allegation that the affiant searched electronic records and directory assistance falls well below the level of specificity required by the Rule for an affidavit to establish that the defendant cannot be found within the district.   Pontiaki thus has failed to establish that it performed a diligent and a bona fide search to find whether Taleveras could be found within the district.

## VI.
## PONTIAKI HAS FAILED TO ALLEGE ANY VALID BASIS FOR PERSONAL JURISDICTION OVER TALEVERAS DMCC OR FOR VENUE IN THIS COURT

In failing to sustain its burden to establish its right to a maritime attachment, Pontiaki is unable to rely on Supplemental Rule B to establish personal jurisdiction over Taleveras DMCC or venue in this Court.   Pontiaki fails to allege any other basis for personal jurisdiction over Taleveras DMCC or venue in this Court, thus dismissal of the Verified Complaint is proper pursuant to Rule 12(b)(2) and 12(b)(3).

## CONCLUSION

For the reasons set forth above, Taleveras DMCC respectfully requests that this Honorable Court grant its Motion to Vacate Order of Maritime Attachment and to Dismiss Complaint, and grant such other and further relief as is just and proper.  Taleveras DMCC also respectfully requests a hearing on its Motion.

Dated: Wilmington, Delaware
        May 12, 2016

**THE ROSNER LAW GROUP LLC**

*/s/ Julia Klein*
Frederick B. Rosner (DE 3995)
Julia B. Klein (DE 5189)
824 Market Street, Suite 810
Wilmington, DE 19801
Tel.: (302) 777-1111
rosner@teamrosner.com
klein@teamrosner.com

**CLYDE & CO US LLP**
John R. Keough, III,
*(Pro Hac Vice Pending)*
The Chrysler Building
405 Lexington Avenue 16th Floor
New York, New York 10174
(212) 710-3900
John.Keough@clydeco.us

*Attorneys for Defendant*
*Taleveras Petroleum Trading DMCC*