IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PONTIAKI SPECIAL MARITIME ENTERPRISE<br><br>Plaintiff,<br><br>v.<br><br>TADEMA SHIPPING AND LOGISTICS INC., *et al.*,<br><br>Defendants<br><br>v.<br><br>ATLANTIC TRADING & MARKETING, INC. et al.,<br><br>Garnishees. | Civil Action No. 16-00247 (LPS)<br><br>**IN ADMIRALTY** |

### ANSWER TO VERIFIED COMPLAINT BY GARNISHEE VITOL INC.

Garnishee Vitol Inc. ("Garnishee"), by and through its undersigned attorneys, hereby files its Answer to the Plaintiffs' Verified Complaint in accordance with Rule B of the Supplemental Rules for Admiralty and Maritime Claims, Federal Rules of Civil Procedure, and says as follows:

### JURISDICTION AND VENUE

1. The averments of Paragraph '1' of the Verified Complaint are conclusions of law to which no response is required.

2. The averments of Paragraph '2' of the Verified Complaint are conclusions of law to which no response is required. To the extent that Paragraph '2' of the Verified Complaint includes factual averments, Garnishee is without knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, denies same and demands strict proof thereof.

## THE PARTIES

3.  Garnishee is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph '3' of the Verified Complaint and, therefore, denies same and demands strict proof thereof.

4.  Garnishee is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph '4' of the Verified Complaint and, therefore, denies same and demands strict proof thereof.

5.  Garnishee is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph '5' of the Verified Complaint and, therefore, denies same and demands strict proof thereof.

6.  Garnishee is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph '6' of the Verified Complaint and, therefore, denies same and demands strict proof thereof.

7.  Admitted in Part; Denied in Part. Garnishee admits only that it is registered to do business and maintains a registered office in this District. To the extent that the remaining averments of Paragraph '7' of the Verified Complaint are directed to Garnishee, it is denied that Garnishee "holds accounts and/or property" of the defendants.

## FACTS

8.  Garnishee is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph '8' of the Verified Complaint and, therefore, denies same and demands strict proof thereof.

PBH480932.1

9. Garnishee is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph '9' of the Verified Complaint and, therefore, denies same and demands strict proof thereof.

10. Garnishee is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph '10' of the Verified Complaint and, therefore, denies same and demands strict proof thereof.

11. Garnishee is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph '11' of the Verified Complaint and, therefore, denies same and demands strict proof thereof.

12. Garnishee is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph '12' of the Verified Complaint and, therefore, denies same and demands strict proof thereof.

13. Garnishee is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph '13' of the Verified Complaint and, therefore, denies same and demands strict proof thereof.

14. Garnishee is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph '14' of the Verified Complaint and, therefore, denies same and demands strict proof thereof.

15. Garnishee is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph '15' of the Verified Complaint and, therefore, denies same and demands strict proof thereof.

PBH480932.1

16. Garnishee is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph '16' of the Verified Complaint and, therefore, denies same and demands strict proof thereof.

### COUNT I – BREACH OF MARITIME CONTRACT

17. Garnishee incorporates by reference the answers set forth in paragraphs 1 through 16 above as though set forth fully herein at length.

18. Garnishee is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph '18' of the Verified Complaint and, therefore, denies same and demands strict proof thereof.

19. Garnishee is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph '19' of the Verified Complaint and, therefore, denies same and demands strict proof thereof.

20. Garnishee is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph '20' of the Verified Complaint and, therefore, denies same and demands strict proof thereof.

### COUNT II – MARITIME ATTACHMENT AND GARNISHMENT (RULE B)

21. Garnishee incorporates by reference the answers set forth in paragraphs 1 through 20 above as though set forth fully herein at length.

22. Garnishee is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph '22' of the Verified Complaint and, therefore, denies same and demands strict proof thereof.

PBH480932.1

23.     Garnishee is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph '23' of the Verified Complaint and, therefore, denies same and demands strict proof thereof.

24.     Garnishee denies the averment that "property and/or assets…consisting of cash, funds, freight, hire, and/or credits" of the defendants are presently "in the hands of Garnishee" and further denies that "property and/or assets…consisting of cash, funds, freight, hire, and/or credits" of the defendants are presently "in this District." Garnishee is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph '24' of the Verified Complaint and, therefore, denies same and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Verified Complaint fails to state a claim against Garnishee upon which relief can be granted.

PALMER BIEZUP & HENDERSON LLP

Dated: June 3, 2016

By: /s/ Michael B. McCauley
Michael B. McCauley (ID 2416)
1223 Foulk Road
Wilmington, DE 19803
(302) 594-0895
mccauley@pbh.com
Attorneys for Garnishee Vitol Inc.

OF COUNSEL:

PALMER BIEZUP & HENDERSON LLP
Frank P. DeGiulio
190 N. Independence Mall West
Suite 401
Philadelphia, PA 19106
(215) 625-9900

PBH480932.1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing Answer to Verified Complaint with the Clerk of the Court on June 3, 2016 by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, and served a copy on counsel of record by email as follows:

>Timothy Jay Houseal, Esq.
>Jennifer Marie Kinkus
>Young, Conaway, Stargatt & Taylor LLP
>Rodney Square
>1000 North King Street
>Wilmington, DE 19801
>thouseal@ycst.com
>
>Julia Bettina Klein, Esq.
>The Rosner Law Group LLC
>824 Market St.
>Wilmington, DE 19801
>klein@teamrosner.com

/s/Michael B. McCauley